## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 3:20-CR-565-B |
| | ) | |
| VINCENT RODRIGUEZ | ) | |

### MEMORANDUM OPINION AND ORDER

By electronic order of reference dated April 1, 2022 (doc. 147), before the Court is the *Request for Detention Hearing*, filed March 31, 2022 (doc. 146).  Based on the relevant filings and the and the applicable law, the motion is **DENIED**.

### I.  BACKGROUND

Vincent Rodriguez (Defendant) was charged by superseding indictment filed March 2, 2021, with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846.  (*See* doc. 24.) He was  is currently charged in a second superseding indictment dated April 29, 2021.  (*See* doc. 51.)  He was arrested and made his initial appearance on May 7, 2021. (*See* docs. 82, 91.) The Government moved to detain him, and he subsequently waived his rights to a detention hearing but reserved his rights under the Bail Reform Act or to reopen the issue if released from state custody, and was ordered detained.  (*See* docs. 80, 88, 89.)

Defendant "now raises the previously reserved request for a hearing." (*See* doc. 146.)  His motion does not state the basis for his motion.  (*See id.*)

### III. 18 U.S.C. § 3142(i)

Defendant's waiver of detention hearing expressly reserved his rights under "the Bail Reform Act, including 18 U.S.C. § 3142(f)(2) and (i)".  (*See* doc. 89.)

A.      **§ 3142(f)(2)**

Section 3142(f)(2)(B) of Title 18 provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Fifth Circuit has interpreted this standard as requiring "new" information. *U.S. v. Stanford*, 367 F. App'x 507, 510 (5th Cir. Feb. 17, 2010) (per curiam)(citing *United States v. Hare,* 873 F.2d 796, 799 (5th Cir.1989)).   New and material information for purposes of § 3142(f)(2)(B) consists of "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the requirements of this provision strictly.   *U.S. v. Jerdine,* 2009 WL 4906564 (N.D. Ohio Dec. 18, 2009) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new, citing, in part, *Hare,* 873 F.2d at 799); *c.f. U.S. v. Rodriguez-Adorno*, 606 F.Supp.2d 232, 238-239 (D.P.R. 2009) (also citing *Hare*).   Conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable.   *See U.S. v. Stanford*, 341 F. App'x 979, 984 (5th Cir. Aug. 24, 2000).

Here, Defendant's motion does not allege the existence of new information that warrants the reopening of the detention hearing.   It does not state that he has now been released from state custody.   Without any indication that new information exists that warrants reopening of the detention hearing, Defendant has shown that a hearing is required on this basis at this time.

**B.**     **§ 3142(i)**

Section 3142(i) states that after a defendant has been detained,

> the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).  Although the United States Court of Appeals for the Fifth Circuit does not appear to have specifically addressed the applicable standard for determining whether release is necessary for preparation of a person's defense, another district court in this circuit  set out several guiding factors, including whether the defendant had been afforded ample time and opportunity to prepare for trial and participate in his defense, the complexity of the case, the volume of information, the expense, and the inconvenience.  *See United States v. Buswell,* No. 11-CR-198-01, 2013 WL 210899, at *6 (W.D. La. Jan. 18, 2013); *see also United States v. Dupree*, 833 F. Supp. 2d 241, at 248-49 (E.D.N.Y. 2011) (considering some of the same factors).  The defendant bears the burden to show that temporary release is necessary.  *United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298, at *4 (N.D. Tex. Apr. 7, 2020) (quoting *Buswell,* 2013 WL 210899, at *5); *United States v. Slaughter*, __F. Supp. 3d __, 2020 WL 1685117, at *2 (S.D. Tex. Apr. 6, 2020).

Defendant's motion does not contend that his release is necessary to allow him to prepare his defense or for another compelling reason.  It does not set forth any basis for a hearing on this issue at this time.

## IV.  CONCLUSION

Defendant's motion is **DENIED**.

**SO ORDERED** on April 1, 2022.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE